Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59694.**—Adorence Co. and New York Merchandise Co., Inc. v. United States, protests 269668–K and 271115–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59695.**—Earbrooke Novelty Co. v. United States, protest 271712–K (A) (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59696.**—F. W. Woolworth Co. v. United States, protest 242763–K (San Francisco).

Opinion by FORD, J. The record showing that the involved merchandise consists of pincushions and that the component material of which they are in chief value is silk, the claim of the plaintiff was sustained.